1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SAMUEL PERRI, et al.,                    No.  2:23-cv-02566-DAD-JDP

12              Plaintiffs,

13        v.                                  ORDER GRANTING DEFENDANT U.S.
                                              BANK, N.A.'S MOTION TO DISMISS
14   U.S. BANCORP, et al.,                    PLAINTIFFS' FIRST AMENDED
                                              COMPLAINT
15              Defendants.
                                              (Doc. No. 33)
16

17        This matter is before the court on the motion to dismiss filed on behalf of defendant U.S.

18   Bank, N.A. ("U.S. Bank") on March 22, 2024.  (Doc. No. 33.)  On April 8, 2024, the pending

19   motion was taken under submission to be decided on the papers pursuant to Local Rule 230(g).

20   (Doc. No. 35.)  For the reasons explained below, the court will grant defendant U.S. Bank's

21   motion to dismiss.

22                                     **BACKGROUND**

23        Plaintiffs Samuel Perri and Jessica Perri bring this action alleging violations of credit

24   reporting laws against defendant U.S. Bank (with whom plaintiffs took out a loan) and three

25   credit reporting agencies:  defendants Equifax Information Services, LLC; Experian Information

26   Solutions, Inc.; and Trans Union LLC.  (Doc. No. 18.)  Plaintiffs have since settled their claims

27   with the defendant agencies.  (*See* Doc. Nos. 44–54.)  Accordingly, this case proceeds only

28   against defendant U.S. Bank (hereinafter, "defendant").

                                            1

Plaintiffs allege the following in their operative first amended complaint ("FAC").[1]  In July 2017, plaintiffs purchased a recreational vehicle ("RV") from a dealership, Lemke RV ("Lemke"), using a loan from defendant U.S. Bank to do so.  (Doc. No. 18 at ¶ 25.)  According to the sales contract for that RV, plaintiffs agreed to make monthly installment payments of $154.15 to U.S. Bank on the 27th of each month, beginning on July 27, 2017.  (Doc. No. 33-1 at 6.)[2]

Approximately six years later, on June 17, 2023, plaintiffs traded in that old RV to purchase a new RV from Lemke, and in doing so, they "signed over liability of their old RV for a new RV at Lemke."  (Doc. No. 18 at ¶ 26.)  According to plaintiffs, as a result of this trade-in, they "satisfied all prior financial obligations for the [old] RV."  (*Id.* at ¶ 27.)

On August 7, 2023, plaintiffs received two letters of delinquency from defendant regarding their loan for the old RV, and plaintiffs immediately began disputing this financial obligation with defendant, the credit reporting agencies, and Lemke.  (*Id.* at ¶¶ 28–29.)  On August 22, 2023, plaintiff submitted written dispute letters regarding the late payments reported by defendant U.S. Bank to the credit reporting agencies ("dispute letters").  (*Id.* at ¶ 31.)  The agencies received these dispute letters and notified defendant U.S. Bank of the disputes.  (*Id.* at ¶ 33.)  These dispute letters provided a copy of the RV sales contracts with Lemke, "including the newest one showing the trade in of the old RV as well as a narrative explaining why the reporting

/////

---

[1]  Before the time had passed for defendants to respond to plaintiffs' original complaint, plaintiffs filed their FAC as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  (Doc. No. 18.)  It appears that the only changes plaintiffs made in their FAC was to correct the identity of the bank defendant, who was incorrectly identified in the original complaint as US Bancorp.  (*Compare* Doc. No. 1 *with* Doc. No. 18.)

[2]  Plaintiffs did not attach a copy of the RV sales contract to their FAC.  In connection with its pending motion to dismiss, defendant requests that the court take judicial notice of the RV sales contract (Doc. No. 33 at 4, n.1), which defendant attaches as an exhibit to its motion.  (*See* Doc. No. 33-1 at 6–11.)  Even though plaintiffs did not explicitly incorporate the sales contract by reference in their FAC, their allegations do refer to and rely on that sales contract.  (*See* Doc. No. 18 at ¶¶ 25, 27, 31–32.)  Accordingly, the court will grant defendant's request and take judicial notice of the RV sales contract.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

of the [U.S. Bank] account was inaccurate." (*Id.* at ¶ 32.)[3]  According to plaintiffs' dispute

letters—in short—plaintiffs provided Lemke with the loan payoff amount when they traded in the

old RV for the new RV on June 17, 2023, and they expected Lemke to then pay off their loan

with U.S. Bank.  (Doc. No. 33-1 at 2.)  But Lemke did not pay off the loan at that time, causing

missed payments for June 27, 2023 and July 27, 2023, which led U.S. Bank to send the

delinquent notices to plaintiffs, which they received on August 7, 2023.  (*Id.*)  Plaintiffs contacted

Lemke on August 8, 2023, and then on August 9, 2023, they spoke with Lemke's owner, Phil

Cooper, who told plaintiffs that the loan was paid off on the day before (August 8, 2023).  (*Id.*)

Despite this explanation, defendant rejected plaintiffs' disputes and verified the U.S. Bank

credit account information that appeared (and continues to appear) on plaintiffs' consumer credit

reports (i.e., that there were two late payments on that account).  (Doc. No. 18 at ¶¶ 36–39.)

According to plaintiffs, defendant was required to conduct a reasonable investigation into the

U.S. Bank credit account on plaintiffs' consumer report, but its investigation was unreasonable.

(*Id.* at ¶¶ 34, 42.)  Specifically, defendant "should have discovered from [its] own records,

including Plaintiffs' formal dispute, that the information being reported was inaccurate and

materially misleading since Plaintiffs provided information showing that the debt was resolved."

---

[3]  Notably, plaintiffs' allegations do not describe any of the "narrative" explanation that was given to defendant and the credit agencies in plaintiffs' dispute letters, nor do plaintiffs otherwise provide any context whatsoever as to why there were apparent late payments on their RV loan account and why they disputed the accuracy of U.S. Bank's reporting of late payments and delinquency on that account.  Plaintiffs did not attach a copy of the dispute letters to their FAC.  In connection with its motion to dismiss, defendant requests that the court take judicial notice of the dispute letters (Doc. No. 33 at 5, n.2), which defendant attaches as exhibits to its motion.  (*See* Doc. No. 33-1.)  Even though plaintiffs did not explicitly incorporate the dispute letters by reference in their FAC, their allegations do refer to and rely on the dispute letters extensively.  (*See* Doc. No. 18 at ¶¶ 29, 31–38, 43, 60, 62, 65, 79.)  Moreover, the dispute letters are allegedly the source of notice to defendant of plaintiffs' dispute regarding the accuracy of the information reported, and such notice is an integral part of plaintiffs' claims.  *See Johnson v. Wells Fargo Home Mortg., Inc.*, 558 F. Supp. 2d 1114, 1120 (D. Nev. 2008) ("[A] furnisher's duty to investigate does not arise unless it receives notice of the dispute from the [credit agencies] directly.").  Accordingly, the court will also grant defendant's request in this regard and take judicial notice of the dispute letters.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

(*Id.* at ¶ 43.)  Further, "it was unreasonable for defendant[] to not contact plaintiffs for further information if needed" and "not contact any individuals of parties associated with the prior matter to determine the status of the debt." (*Id.* at ¶ 44.)  According to plaintiffs, defendant "failed to conduct a reasonable investigation with respect to the disputed information as required by [credit reporting laws] by failing to remove all of the disputed and incorrect information." (*Id.* at ¶ 46.)

Based on the foregoing allegations, plaintiffs bring two claims against defendant in their FAC:  (1) violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"); and (2) violation of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.1, *et seq.* ("CCRAA").

On March 22, 2024, defendant filed the pending motion to dismiss plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 33.)  Plaintiffs filed an opposition to the pending motion on April 5, 2024.  (Doc. No. 34.).  Defendant filed its reply thereto on April 25, 2024.  (Doc. No. 39.)

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not

4

1  require detailed factual allegations, "it demands more than an unadorned, the-defendant-
2  unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers
3  mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."
4  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements
5  of a cause of action, supported by mere conclusory statements, do not suffice.").  It is
6  inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the
7  defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen.*
8  *Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

9  In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider
10  material that is properly submitted as part of the complaint, documents that are not physically
11  attached to the complaint if their authenticity is not contested and the plaintiffs' complaint
12  necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d
13  668, 688–89 (9th Cir. 2001).

## ANALYSIS

15  "The FCRA arose out of 'congressional concern over abuses in the credit reporting
16  industry.'" *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (quoting *Guimond v. Trans*
17  *Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)).  "Congress thus enacted the FCRA
18  in order 'to ensure fair and accurate credit reporting.'" *Id.* (quoting *Safeco Ins. Co. of Am. v.*
19  *Burr*, 551 U.S. 47, 52 (2007)).  As relevant here, to assert a claim under either 15 U.S.C. §§
20  1681e(b) or 1681i of the FCRA—alleging either that a consumer report is inaccurate or that a
21  CRA did not conduct a proper investigation to determine whether the disputed information is
22  inaccurate—a plaintiff must plead the existence of a factual inaccuracy within the report.  *See*
23  *Guimond*, 45 F.3d at 1333 ("In order to make out a prima facie violation under § 1681e(b), a
24  consumer must present evidence tending to show that a credit reporting agency prepared a report
25  containing inaccurate information."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890
26  (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on
27  its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts,
28  including our own, have imposed such a requirement."); *Zavala v. Trans Union, LLC*, No. 2:20-

cv-02276-TLN-DB, 2023 WL 6387220, at *2 (E.D. Cal. Sept. 29, 2023) ("To state a claim pursuant to the FCRA, a plaintiff must show an inaccuracy in their credit report.").  Further, "[j]ust as in a lawsuit against a credit reporting agency, to prevail on a FCRA claim against a furnisher, a consumer must make a prima facie showing that the furnisher's report was inaccurate."[4] *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022).  Information in a credit report is inaccurate if it is "patently incorrect or materially misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho*, 629 F.3d at 890–91.

To state a claim under CCRAA—which courts interpret consistently with FCRA—a plaintiff must likewise show that information in their credit report is inaccurate. *See Galea v. Wells Fargo Bank, N.A.*, 388 F. Supp. 3d 1212, 1217 (E.D. Cal. 2019) (citing *Carvalho*, 629 F.3d at 890–91 (explaining that "in considering whether [the plaintiff's] credit report was inaccurate within the meaning of the CCRAA, [the court is] guided by [the Ninth Circuit's] "patently incorrect or materially misleading" standard)).

In the pending motion, defendant argues that plaintiffs' claims "fail as a matter of law because U.S. Bank's reporting that the June and July 2023 payments were delinquent is accurate." (Doc. No. 33 at 3.)  Defendant contends that plaintiffs' reliance on Lemke "to provide the payoff payment to U.S. Bank does not relieve them from their contractual obligations to make monthly payments on the traded-in [RV] until paid in full." (*Id.*)  Defendant emphasizes that plaintiffs admit that the June and July 2023 payments were not made and that Lemke did not send the payoff payment to U.S. Bank until August 8, 2023—the day after plaintiffs received letters from U.S. Bank notifying them of their delinquency.  (*Id.* at 5.)  According to defendant, because plaintiffs' delinquency as to those two late monthly payments was accurately reported to the

/////

---

[4]  Although the FCRA does not define the term "furnisher," courts have defined the term to refer to a person or entity that provides information about a consumer to any consumer reporting agency. *See Ali v. Capital One*, No. 1:11-cv-02115-LJO-SKO, 2012 WL 260023, at *3 n.2 (E.D. Cal. Jan. 27, 2012); *Wang v. Asset Acceptance LLC*, No. C 09-04797 SI, 2010 WL 2985503, at *2 (N.D. Cal. July 27, 2010).  Here, plaintiffs allege that defendant U.S. Bank is a furnisher of information under FCRA.  (Doc. No. 18 at ¶ 16.)

credit agencies, plaintiffs cannot maintain their FCRA and CCRAA claims in this action.  (*Id.* at 3.)

In their opposition to the pending motion, plaintiffs assert in conclusory fashion that they have alleged that the credit reporting by defendant "was factually inaccurate and materially misleading in violation of the FCRA."  (Doc. No. 34 at 10, 12.)  Importantly, plaintiffs do not specify in their FAC what statement they contend was inaccurate in defendant's reporting of their credit account, nor do plaintiffs provide any clarity in their opposition brief in this regard.  Oddly, plaintiffs devote much of their opposition brief to opposing defendant's request that the court take judicial notice of plaintiffs' dispute letters (*id.* at 13–15), even though it is those dispute letters that provide the court with the necessary factual context underlying plaintiffs' claims asserted in this action.  Indeed, plaintiffs' FAC merely alleges that they received delinquency letters (with no clarification as to what was the purported delinquency), and they submitted dispute letters regarding the late payments reported by defendant to the credit agencies (with no explanation on the nature of the actual dispute).  Further, plaintiffs' allegations are themselves misleading. Plaintiffs allege that "plaintiffs were informed by Phil Cooper, the owner of Lemke, that the payoff for the first RV had been provided to [U.S. Bank]" (Doc. No. 18 at ¶ 30)—without specifying the date that the payment was made, i.e., that the payment was made only after plaintiffs received the delinquency letters from defendant—and plaintiffs allege that "the information being reported was inaccurate and materially misleading since plaintiffs provided information showing that the debt was resolved" (*id.* at ¶ 43). Taken together, and in the absence of the explanation that plaintiffs relied on in their dispute letters, plaintiffs' FAC misleadingly suggests that the inaccuracy they allege is that defendant reported delinquency despite payments having already been made.  In sum, plaintiffs have not adequately alleged any inaccuracy in defendant's reporting.

In addition, the court is not persuaded by plaintiffs' argument that they have sufficiently alleged that defendant's report was "misleading" (Doc. No. 34 at 10–13), because the allegations they purport to rely on are not actually included in their FAC.  Specifically, plaintiffs contend that they allege "on multiple occasions that it was misleading for [U.S. Bank] to report derogatory

7

1    information to the credit [agencies] since plaintiffs made [U.S. Bank] fully aware of third-party

2    error that led to the missed payments," and "Lemke has admitted to the error, giving [U.S. Bank]

3    no basis to report the missing payments as late." (Doc. No. 34 at 13.) According to plaintiffs,

4    "[f]ailure to correct the misleading reporting so created the false impression that plaintiffs were

5    the types of individuals that did not honor their financial obligations and this misleading

6    impression caused plaintiffs to experience adverse credit decisions." (*Id.*) However, none of

7    those assertions—or even the factual context on which they could be based—are alleged in

8    plaintiffs' FAC. For this reason, plaintiffs' argument fails, and the court readily concludes that

9    plaintiffs have not sufficiently alleged any misleading statements in defendant's

10   reporting.

11          The court concludes that plaintiffs have failed to state a cognizable claim under FCRA

12   and CCRAA. Accordingly, the court will grant defendant's motion to dismiss plaintiffs' claims

13   brought against it in this action.

14          The only remaining question is whether the court should also grant plaintiffs leave to file a

15   second amended complaint. Leave to amend should be granted "freely" when justice so requires.

16   Fed. R. Civ. P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in

17   favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th

18   Cir. 1960). Reasons "such as undue delay, bad faith or dilatory motive . . . repeated failure to

19   cure deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of

20   leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In their opposition, plaintiffs state

21   that if the court grants defendant's motion to dismiss, they "request leave to amend to cure the

22   operative pleading of any perceived deficiencies." (Doc. No. 34 at 8.) Out of an abundance of

23   caution, the court will grant plaintiffs leave to file a second amended complaint. However,

24   plaintiffs' counsel is reminded of the obligations under Rule 11 of the Federal Rules of Civil

25   Procedure, and in particular, Rule 11(b)'s provision that by presenting the court with a pleading,

26   the attorney "certifies that to the best of the person's knowledge, information, and belief, formed

27   after an inquiry reasonable under the circumstances: . . . the factual contentions have evidentiary

28   /////

support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . ." Fed. R. Civ. P. 11(b)(3).

**CONCLUSION**

For the reasons explained above,

1.      Defendant's request for judicial notice (Doc. No. 33 at 4, n.1; 5, n.2) is granted;

2.      Defendant's motion to dismiss (Doc. No. 33) is granted;

3.      Plaintiffs' first amended complaint (Doc. No. 18) is dismissed, with leave to amend, due to plaintiffs' failure to state a cognizable claim; and

4.      Plaintiffs shall file their second amended complaint, or alternatively, a notice of their intent to not file a second amended complaint, within fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:   **August 15, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE